In the Matter of the Application of PETER J. BRENNAN et al., Copartners under the Name of P. J. BRENNAN & SON, Appellants, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

**New York city — board of education — mandamus — funds appropriated for school purposes disbursed only on audit of board of education — no authority for audit by board of estimate and control — settlement by board of education of claim for damages to building contractor from delay in clearing site — mandamus to compel issuance of vouchers for payment proper — when order denying mandamus not discretionary.**

1. Audit by the board of education of the city of New York of an amount due under an agreement with a contractor for work on a public school is final, unless set aside for fraud, and there is no authority for requiring a second examination and audit by the board of estimate and control. That board may grant or refuse appropriations, but once having made them for school purposes, they are to be disbursed upon the audit of the board of education. (*Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125, followed.)

2. Where, therefore, the board of education has, by resolution duly adopted, agreed to settle the claim of a contractor for the erection of a public school building for damages from delay in clearing the site, and the contractor has executed and delivered a release in accordance with the resolution, and there is money to the credit of the board sufficient to pay the amount, an application for a peremptory order of mandamus to compel issuance of the appropriate vouchers for payment of the agreed sum should be granted. (*Clarke Co.* v. *Bd. of Education*, 156 App. Div. 842; 215 N. Y. 646, distinguished.)

3. An order denying mandamus cannot rest in discretion when there are no disputed facts, when the law is with the petitioner and when there is no reasonable basis for a holding that other remedies are adequate, and there is no element of hardship or laches or other unequitable conduct.

*Matter of Brennan* v. *Bd. of Education*, 219 App. Div. 703, reversed.

(Argued February 21, 1927; decided March 29, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

1927.]  Points of counsel.  [244 N. Y. 8]

January 14, 1927, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel the board of education of the city of New York to transmit to the comptroller of that city a voucher or vouchers in favor of petitioners for the several sums constituting their claims, with interest. Also motion to dismiss the appeal.

*Charles L. Craig* for appellant. The board of education is vested with exclusive authority to administer the school system, to make and perform all contracts in relation thereto and to audit, settle and adjust any claims that arise by reason of the breach of any of such contracts by either party. (*People ex rel. Wells & Newton Co. v. Craig*, 232 N. Y. 125; *Matter of Fuhrmann v. Graves*, 235 N. Y. 77; *Matter of Fleischmann v. Graves*, 235 N. Y. 84; *Matter of Reif v. Schwab*, 204 App. Div. 50; *Matter of Clayton Company, Inc., v. Craig*, 209 App. Div. 801; 240 N. Y. 547; *Gunnison v. Bd. of Education*, 176 N. Y. 11.) The audit and allowance of petitioners' claim by the board of education is a conclusive and final determination thereof that is not subject to review or collateral attack. (*People ex rel. Wells & Newton Co. v. Craig*, 232 N. Y. 125; *Martin v. Board of Supervisors*, 29 N. Y. 645; *People ex rel. Smith v. Clarke*, 174 N. Y. 259; *Albany City National Bank v. City of Albany*, 92 N. Y. 363; *Osterhoudt v. Rigney*, 98 N. Y. 222; *Nelson v. Mayor, etc., of New York*, 131 N. Y. 16; *Foy v. County of Westchester*, 168 N. Y. 180; *People ex rel. McCabe v. Matthies*, 179 N. Y. 242; *Smith v. Hedges*, 223 N. Y. 176; *Hearst v. McClellan*, 102 App. Div. 336; *Matter of Reif v. Schwab*, 204 App. Div. 50.). Mandamus is the proper remedy. (*Dannat v. Mayor, etc.*, 66 N. Y. 585; *People ex rel. Satterlee v. Board of Police*, 75 N. Y. 38; *Swift v. Mayor, etc.*, 83 N. Y. 528; *People ex rel. N. Y. Dock Company v. Delaney*, 192 App. Div. 734; *People ex rel. Cranford Co. v. Willcox*, 153 App. Div. 759; 207 N. Y. 743; *People*

*ex rel. Dady* v. *Coler,* 171 N. Y. 373; *People ex rel. R. T. S. Construction Co.* v. *Craven,* 210 N. Y. 443; *People ex rel. Rolf* v. *Coler,* 58 App. Div. 131; *People ex rel. Graves* v. *Sohmer,* 207 N. Y. 450; *People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326.)

*George P. Nicholson,* Corporation Counsel (*Willard S. Allen, J. Joseph Lilly* and *Joseph L. Pascal* of counsel), for respondent.   The motion for a peremptory mandamus order must be presumed to have been denied in the exercise of discretion.   (*Matter of Sherrill,* 186 N. Y. 1; *People ex rel. Flynn* v. *Woods,* 218 N. Y. 124; *People ex rel. Dawly* v. *Wilson,* 232 N. Y. 12; *People ex rel. Van Iderstine* v. *Walsh,* 239 N. Y. 526; *Ellis-Joslyn Pub. Co.* v. *Common Council,* 223 N. Y. 445.)   The petitioners have failed to show a clear legal right to the peremptory mandamus order requested.   (*People ex rel. McMackin* v. *Board of Police,* 107 N. Y. 235; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242; *People ex rel. Lentilhon* v. *Coler,* 61 App. Div. 223; *Matter of Hamburger* v. *Board of Estimate,* 109 App. Div. 427; *Matter of Eiss* v. *Summers,* 205 App. Div. 691; *Matter of Carlson* v. *Craig,* 215 App. Div. 3.)   No appropriation has been made by the board of estimate and apportionment, and for this reason the board of education has properly refused to transmit a voucher or vouchers to the comptroller.   (*People ex rel. Gibbons* v. *Coler,* 41 App. Div. 463; *Public Service Commission, Second District,* v. *International Railway Co.,* 224 N. Y. 631; *People ex rel. Dannat* v. *Comptroller,* 77 N. Y. 45; *People ex rel. Daly* v. *York,* 66 App. Div. 453; *People ex rel. Woodworth* v. *Burrows,* 27 Barb. 89; *Matter of Moses* v. *Board of Education of Syracuse,* 127 Misc. Rep. 477; *People ex rel. Burbank* v. *Robinson,* 76 N. Y. 422; *O'Neil* v. *State of New York,* 223 N. Y. 40.)

CRANE, J.   This is another dispute between the city of New York and the board of education, regarding the expenditure of appropriations for educational purposes.

The real question is whether the board of estimate or the board of education shall audit the claim of a contractor for work on a high school. The claim has been audited by the board of education. The board of estimate insists that the contractor shall submit to it his claims for re-examination or " sub-authorization." Similar cases have been here before, and we have consistently upheld the right of the board of education to control its own funds as long as they were disbursed for the purposes authorized by statute. The facts of this case call for no departure from this fundamental principle.

On the 13th of June, 1923, the board of education awarded to P. J. Brennan & Son, the petitioners, a contract for the general construction of the School for Deaf, known as Public School No. 47, on East Twenty-third and Twenty-fourth streets, between Second and Third avenues, in the borough of Manhattan, for the sum of $758,700. The work was delayed for over a year by the failure of the city of New York through its sinking fund commission to have the site cleared of buildings so as to permit construction to proceed. Inaction was in no way attributable to the board of education. In the meantime, the cost of labor and material had very much increased, and the contractor hesitated to proceed. Under these circumstances, the board of education sought the opinion of the corporation counsel. He advised the board under the circumstances to make an arrangement and settlement with the contractor for the delay, and thus enable him to proceed with the work. His opinion was couched in this language: " In view of the circumstances surrounding the clearing of the site for the first section, and the delay of over one year on handing it over to the contractor so that he might proceed with the erection of the first section, I am of the opinion that the Board of Education since the first section has been completed and turned over to the Board of Education may enter into negotiations with P. J. Brennan & Son to adjust any

claim that said contractor now may have by reason of the delay occasioned the contractor in the performance of the work for the first section."

The building of the school was to be carried out in two sections. After clearing the site, the first section was to be erected, which would be used for school purposes while the second section was being built. The contractor declined to proceed with the construction of the second section of the school because of the delay incident to clearing the site. The old buildings on the site were being used for school purposes.

As a result of negotiations between P. J. Brennan & Son and the superintendent of school buildings, the committee on buildings and sites, on the oral advice of the corporation counsel, who was present, agreed to the settlement of the claims of said contractor on the first and second sections in the sum of $64,000, $21,432 representing damages sustained by the contractor in connection with the first section which had been completed and occupied for school purposes to be paid immediately; and the balance, $42,568, representing damages sustained and to be sustained in connection with the second section to be paid as follows:

$11,000 with the first progress payment
$11,000 with the second progress payment
$11,000 with the third progress payment
$9,568 with the fourth progress payment.

Thereupon the board of education took the following action:

"*Resolved,* That the Board of Education hereby agrees to a settlement of a claim of P. J. Brennan & Son, contractors for the general construction of the School for the Deaf (Public School 47), Manhattan, for delay occasioned the contractors in the performance of the work for the first section of the new building and for damages sustained and to be sustained in connection with the second section of such new building, for the sum of $64,000, in full

settlement and satisfaction of the contractors claims for delay herein actual and prospective, the said contractors to execute a general release of all claims for damages incurred or anticipated by reason of any delays that have heretofore occurred in connection with the performance of the work."

The contractor thereafter executed and delivered the release in accordance with this resolution.

There was plenty of money with the city of New York to the credit of the board of education to pay this amount. By the appropriations in the budget for the year 1926, together with the amount receivable from the State of New York, there was available to the board of education in that year $103,584,942.77. On April 8, 1926, the board of estimate made an appropriation of $7,482,600 to the board of education for expenditures required for the construction of new schools, and on June 17, 1926, an additional sum of $1,736,000 for a like purpose.

For some reason, the board of education requested the board of estimate and apportionment to set aside from these funds an amount sufficient to pay the $64,000 in accordance with this settlement and agreement made with P. J. Brennan & Son. On June 17, 1926, there was forwarded to the board of estimate a certified copy of the report and resolutions of the board of education, above mentioned, and the board of estimate on that day voted its approval. At a later meeting, on June 22d, the matter was reconsidered and tabled.

No further action having been taken, this mandamus proceeding was commenced to require the issuance of the appropriate vouchers in accordance with the Education Law (Cons. Laws. ch. 16) for the payment of this sum, agreed to and audited by the board of education.

As stated before, the contention of the city is that the board of education to obtain money out of its appropriations for school building purposes must have the consent of the board of estimate and apportionment. The method

of· procedure is outlined in the brief of the corporation counsel as follows:

" That whenever the Board of Education requires funds for a specific purpose it makes an application to the Board of Estimate and Apportionment in conformity with the terms and conditions set forth in the foregoing resolution of the Board of Estimate and Apportionment and that Board *after investigation and favorable report* thereon by its engineers and investigators adopts a resolution authorizing and setting aside to the Board of Education of specific sums out of the aforesaid fund for specific purposes."

The resolution referred to authorized the issuance of bonds, the proceeds of which were to be used by the board of education for the erection of school buildings, which resolution contained this statement: " The amounts to be expended therefrom to be sub-authorized by the Board of Estimate and Apportionment from said appropriation, predicated upon requisitions from the Board of Education for stated amounts."

The board of estimate and apportionment cannot supersede the Education Law by tacking on to its appropriations for school purposes, limitations upon the power of the board of education given to it by the Education Law. The board of estimate may grant or refuse the· appropriations, but once having made them, the Education Law enacts how they shall be used. After these funds have passed to the credit of the board of education, they are to be disbursed upon its audit. The only relation that the city has to the subject of public education is as the custodian and depositary of school funds, and its only duty with respect to that fund is to keep it safely, and disburse the same according to the instructions of the board of education. The city, as trustee, has title to the money, but it is under the care, control and administration of the board of education. We decided this in the case of *Gunnison* v. *Board of Education* (176 N. Y.

11), and repeated it in *People ex rel. Wells & Newton Co. v. Craig* (232 N. Y. 125). In the latter case we reviewed fully all the provisions of the Education Law bearing upon this control and expenditure of public moneys for educational purposes, and the respective powers of the city officials and the board of education. We need not do this again. This court said:

" The powers conferred upon the board of education to administer the public educational system within the confines of the city of New York were exclusive. The grant of the same to the board of education negatives authority in the municipality to exercise like powers. * * * We cannot ascribe to the Legislature an intention to provide for two several boards of audit."

The audit, therefore, by the board of education of this amount due under the agreement with P. J. Brennan & Son for the construction of the public school was final unless set aside for fraud, and there is no authority for requiring a second examination and audit by the board of estimate. If the latter board by the form of its appropriations could require such an audit or approval, the control of these matters by the board of education would soon pass to the board of estimate, and the whole purpose of the Education Law be subverted. " The intent of the Legislature in enacting the Education Law is clear. It imposes upon boards of education, as separate corporate bodies representing the State, the responsibility of furnishing an efficient system of public education, * * * and in this respect they are not subject to or controlled by the city authorities. In order to enable such boards to properly discharge the duties thus imposed, they are clothed with authority to act independently of the city authorities." (*Matter of Fuhrmann* v. *Graves*, 235 N. Y. 77; *Matter of Fleischmann* v. *Graves*, 235 N. Y. 84.)

The question of classification of funds for the purpose of bookkeeping pursuant to section 880 of the Education Law does not arise in this case. The comptroller may

require such classification as will insure upon examination that funds are being used for educational purposes.

The case of *Clarke Co.* v. *Board of Education* (156 App. Div. 842; affd., 215 N. Y. 646), relied on by the corporation counsel, passed upon a resolution of the board of education very different from this one now before us. Besides the law has been changed by chapter 786 of the Laws of 1917, since the beginning of that proceeding.

A motion was made to dismiss this appeal on the ground that the orders below were discretionary. The same point is made by the respondent on this appeal. There is no dispute about the facts, and it is apparent from the record that the only question involved is one of law relating to the powers of the board of estimate. The opinion of the judge at Special Term so indicates. An order denying mandamus cannot rest in discretion when there are no disputed facts, when the law is with the petitioner and when there is no reasonable basis for a holding that other remedies are adequate; and there is no element of hardship or laches or other unequitable conduct. (*People ex rel. Van Tine* v. *Purdy*, 221 N. Y. 396, 399, 400; *People ex rel. Flynn* v. *Woods*, 218 N. Y. 124, 128; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570, 574.)

If this application were denied as matter of discretion it would mean that the petitioners would have to resort to the remedy of suing the board of education. The contracts having been made with that corporate body, it and not the city of New York would be the proper and only defendant. Such an action would appear to be fatuous, as the board of education has admitted the petitioners' rights and audited their claim.

For these reasons the orders below should be reversed, and the petition for a peremptory order of mandamus granted as prayed for, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN and KELLOGG, JJ., concur; O'BRIEN, J., not sitting.

Ordered accordingly.