In the Matter of TIMOTHY D. POUCHER, as President of FEDERATION OF TEACHERS' ASSOCIATIONS OF THE CITY OF NEW YORK, Appellant, against CHARLES W. BERRY, as Comptroller of the City of New York, Respondent.

(Submitted May 28, 1928; decided July 19, 1928.)

*J. M. Cohen* for appellant. The Comptroller's contention with respect to the audit and payment of claims against the Board of Education is without any basis in law. (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *Hearst* v. *McClellan*, 102 App. Div. 336; *People* v. *Sutherland*, 207 N. Y. 22; *Smith* v. *Hedges*, 223 N. Y. 176.) The law has imposed upon the Board of Education the responsibility for the payment of claims, and in the absence of fraud, collusion or bad faith, its determination is binding on the Comptroller. (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *Matter of Brennan*, 245 N. Y. 8; *Matter of Fuhrman* v. *Graves*, 235 N. Y. 77; *Matter of Fleischman* v. *Graves*, 235 N. Y. 84.) Mandamus is the proper remedy. (*Matter of Fuhrman* v.

*Graves,* 235 N. Y. 77; *Matter of Fleischman* v. *Graves,* 235 N. Y. 84; *Dannat* v. *Mayer,* 66 N. Y. 585; *Matter of Clayton Co.* v. *Craig,* 209 App. Div. 801; 240 N. Y. 547; *Davidson* v. *Village of White Plains,* 197 N. Y. 266; *Matter of Brennan,* 245 N. Y. 8.)

*George P. Nicholson, Corporation Counsel (William S. Allen, J. Joseph Lilly* and *William E. C. Mayer* of counsel), for respondent. The petitioner has failed to show a clear legal right to the peremptory mandamus order sought inasmuch as the claims sought to be enforced failed to disclose on their face any legal liability therefor on the part of the Board of Education. (*People ex rel. McMackin* v. *Board of · Police,* 107 N. Y. 235; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242; *Matter of Whitman,* 235 N. Y. 1; *Matter of Eiss* v. *Summers,* 205 App. Div. 691; *Village of Fort Edward* v. *Fish,* 156 N. Y. 363; *People* v. *Journal Co.,* 213 N. Y. 1.)

CARDOZO, Ch. J. A petition for mandamus states that petitioner's assignors were injured through the negligence of the Board of Education of the city of New York while in its service as teachers; that the Board after investigation of their claims for compensation agreed to make certain payments in accord and satisfaction, which the claimants agreed to accept; and that thereafter the orders and audits prescribed by section 880 of the State Education Law (Cons. Laws, ch. 16) were prepared and transmitted to the Comptroller of the city of New York, who refused to countersign them, though sufficient funds were appropriated to the credit of the Board.

If these statements stood untraversed, they would sustain a peremptory order of mandamus, for an audit by the Board of a claim not fraudulent or illegal is not subject to reaudit at the will of the Comptroller (*Matter of Brennan* v. *Bd. of Education,* 245 N. Y. 8; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125).

There is, however, an answer which traverses the petition as to material averments, and thus forestalls relief in the absence of a trial. The Comptroller denies that there was any compromise or audit of the claims by the Board of Education, and denies that any orders or audits were transmitted or received. All that the Board did, according to the answer, was to certify the claims as illegal and invalid, but as supported by elements of equity and fairness justifying relief in the exercise by the Board of Estimate and Apportionment of the discretionary power conferred by chapter 304 of the Laws of 1924. A peremptory mandamus may not issue while those denials stand.

The matter would end here if it were not for replying affidavits which put another face on the transaction. Replying affidavits are not to be considered, upon an application for a peremptory mandamus, for the purpose of overcoming denials or defenses in the answer (*Matter of Haebler* v. *N. Y. Produce Exchange*, 149 N. Y. 414; *Matter of Griffin* v. *Williams*, 168 App. Div. 63). They are not to be ignored, however, in determining the propriety of an alternative mandamus, which may be granted under a prayer in the petition for general relief. By these affidavits, it appears that the claims were duly audited by the Board and transmitted to the Comptroller for countersignature at divers times between 1919 and 1923; that the Comptroller, upon refusing to countersign them, suggested that he might approve them if transmitted as equitable claims under Laws of 1924, chapter 304; that to obviate his objections, a resolution so transmitting them was adopted in 1924, though in truth the claims were not merely equitable but legal; that despite this concession, approval was withheld; that at no time did the claimants assent to a rescission of the accord or a cancellation of the audit; and that the Board, maintaining its first position that the claims when compromised were legal and that an adequate appropriation is available

for payment, has renewed its demand upon the Comptroller that he honor the Board's audit.

If proof of these statements is made upon a trial, the petitioner will have made out a case for relief by mandamus. True, of course, it is that mandamus will not issue to compel the payment of an illegal claim. This does not mean, however, that when a claim legal on its face has been audited by a public officer to whom the power of audit is confided, the merits may be re-examined by another public officer, in this instance the Comptroller, in the absence of a showing of collusion or fraud. So far as the replying affidavits inform us, the claims here in controversy were legal on their face. There is nothing on their face to exclude a valid demand within the principles of the tort liability of boards of education as expounded by this court in a very recent decision (*Lessin* v. *Bd. of Education*, 247 N. Y. 503). If error was committed by the Board in its interpretation of the facts, there was none so flagrant as to import a defect of jurisdiction (*People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *Smith* v. *Hedges*, 223 N. Y. 176). Jurisdiction existing, the audit must be upheld, since there is no pretense that it was vitiated by collusion or fraud.

The order of the Appellate Division and that of the Special Term should be modified so as to grant the petition to the extent of directing an alternative order of mandamus, with costs in all courts to abide the event.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.