In the Matter of the Application of WILAKA CONSTRUCTION Co., INC., Appellant, for a Peremptory Order of Mandamus against GEORGE McANENY, Comptroller of the City of New York, Respondent.*

First Department, April 13, 1934.

*Louis Rosenberg,* for the appellant.

*Henry J. Shields* of counsel [*Paul Windels, Corporation Counsel*], for the respondent.

MARTIN, J. The petitioner entered into a contract with the board of education of the city of New York for the construction of the Textile High School in the borough of Manhattan. When the building was completed there remained an unpaid balance of

------

* Revd., 265 N. Y. 43.

$62,825.48. On July 19, 1931, the board of education filed with the comptroller its final certificate authorizing payment to the petitioner of $52,825.48, directing that the sum of $10,000 be retained until the petitioner rectified certain items of work specified by the superintendent of school buildings.

Thereafter the comptroller paid the petitioner the sum of $47,825.48, retaining an additional $5,000 because the division of engineering of the finance department claimed that certain defects had been discovered which should be remedied by the petitioner.

On the 27th day of September, 1932, the board of education of the city of New York directed the comptroller of the city of New York to make payment of all moneys theretofore withheld, so that the sum of $10,000 became payable to the petitioner.

This proceeding for a mandamus order was then instituted by the petitioner, directing the comptroller and the department of finance of the city of New York to issue a warrant for the sum of $15,000, with interest from the date when due to the date of the delivery of the warrant.

The Special Term denied the application for a peremptory mandamus on the ground that the mayor, whose signature to the warrant is essential to its validity, had not been made a party. Upon this appeal we must determine whether the mayor is a necessary party to these proceedings.

There is a clear distinction between the payment of money and the audit of an account. While the board of education may audit, it cannot pay. The mayor of the city may not be compelled by an order of mandamus to sign a warrant for the payment of money when his signature is essential and he has not been made a party to the proceeding. He must have an opportunity to be heard. After a hearing he may then be directed to sign such a warrant. (See *Matter of Nelson Iron Works, Inc.*, v. *Berry*, 237 App. Div. 575; *People ex rel. Rangeley Construction Co., Inc.*, v. *Craig*, 197 id. 503, 506; *People ex rel. McClinchie* v. *Prendergast*, 140 id. 235, 237.)

In *People ex rel. Rangeley Construction Co., Inc.*, v. *Craig* (*supra*), in which the College of the City of New York was a party, the court held as follows (headnote): " The mayor of the city of New York is a necessary party defendant in mandamus proceedings to compel the audit and payment of vouchers representing the amount alleged to be due relator under a contract with the trustees of the College of the City of New York for services and materials furnished in constructing a building for said college, since section 149 of the Greater New York charter requires warrants to be countersigned by the mayor."

The warrant must be signed by the mayor, who may not be

compelled to sign without an opportunity to submit any reasons he may have for refusing his signature.

The order, therefore, should be affirmed, with twenty dollars costs and disbursements.

MERRELL, J., concurs; O'MALLEY and UNTERMYER, JJ., dissent and vote to reverse and grant the motion.

FINCH, P. J. (concurring). I concur in affirmance of the order appealed from upon the ground that the contract upon which the claim rests specifically provides that the comptroller shall not be estopped by any certificate given by the board from showing that the work and materials do not in fact conform to the specifications. The comptroller, in support of his refusal to pay the balance claimed, submits proof that the swimming pool was improperly constructed in that the cement mix was not according to the specifications, resulting in the leakage of from 440 to 1,000 gallons a day. The petitioner has entirely failed to meet this objection. Petitioner, therefore, clearly is not entitled to a peremptory mandamus order compelling payment of the balance retained because of alleged defective performance of the contract.

O'MALLEY, J. (dissenting). I dissent and vote for reversal and granting of the peremptory order of mandamus. In *Matter of Graybar Construction Corp.* v. *Berry* (238 App. Div. 769; affd., 264 N. Y. ——) the mayor was not made a party. The decision relied upon by Special Term (*Matter of Nelson Iron Works, Inc.*, v. *Berry*, 237 App. Div. 575), holding that the mayor was a necessary party in the proceeding then under consideration, is not controlling. In that case the board of education was not involved and section 149 of the Greater New York Charter was applicable. In this proceeding the board of education alone is concerned and payments on its behalf are made on the signature of the board and the counter signature of the comptroller. (Education Law, § 880, subd. 3.) (See, also, *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125.) The petitioner was entitled to the relief sought under the authorities. (*People ex rel. Wells & Newton Co.* v. *Craig, supra; Matter of Brennan* v. *Board of Education*, 245 N. Y. 8; *Matter of McNutt Co.* v. *Eckert*, 257 id. 100; *Matter of Poucher* v. *Berry*, 249 id. 16.) This was the conclusion reached at Special Term, the denial being predicated solely upon the absence of the mayor as a necessary party.

UNTERMYER, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.