In the Matter of WILAKA CONSTRUCTION Co., INC., Appellant, against GEORGE MCANENY, as Comptroller of the City of New York, Respondent.

(Argued May 22, 1934; decided July 3, 1934.)

*Louis Rosenberg* for appellant.

*Paul Windels, Corporation Counsel (Henry J. Shields* and *Paxton Blair* of counsel), for respondent.

O'BRIEN, J. The Board of Education of the City of New York filed with the Comptroller its certificate authorizing and directing payment to appellant for work performed under a contract for the construction of a public school building. The Comptroller declined to pay the sum certified and retained certain moneys for the reason that engineers in the finance department asserted that some defects existed in the work. No claim of fraud is made. In this proceeding to compel the Comptroller to issue a warrant for the sum certified, in which the Mayor has not been made a party, the remedy of mandamus has been refused on the law and not in the exercise of discretion.

The nature of the relation of the Board of Education to the city is different from that existing between the city and other departments of the municipal government. The method of audit and payment provided by section 149 of the Greater New York Charter (Laws of 1901, ch. 466, amd. L. 1917, ch. 401; L. 1923, ch. 667; Local Law, No. 20 of 1929) does not apply to it. (*Gunnison* v. *Board of Education*, 176 N. Y. 11, 17.) In the absence of illegality, fraud or manifest mathematical error, the audit of the Board of Education prevails. It is for the Board to determine whether in fact a contract with it has been performed. Unless some of these infirmities are present in the audit, the Comptroller is without authority to review it and he may be compelled by mandamus to countersign and pay on the Board's voucher. Payments from moneys apportioned to the Board of

Education must be made on its signature and the counter-signature of the Comptroller. (Education Law, § 880, subd. 3; Cons. Laws, ch. 16; *People ex rel. Wells & Newton Co. v. Craig*, 232 N. Y. 125, 139; *Matter of Brennan v. Board of Education*, 245 N. Y. 8; *Matter of Poucher v. Berry*, 249 N. Y. 16; *Matter of McNutt Co. v. Eckert*, 257 N. Y. 100; *Lewis v. Board of Education*, 258 N. Y. 117, 120.) When the certificate is free from fraud, illegality or mathematical error, the countersignature of the Comptroller is a ministerial act and no signature by the Mayor is required to render the warrant valid. (*Matter of Graybar Constr. Corp. v. Berry*, 264 N. Y. 432.) The question whether a provision in the contract which purports to authorize the Comptroller to review the Board's certificate, constitutes a waiver by the contractor was argued and decided adversely to the Comptroller's contention in the *Graybar Case* (*supra*).

The orders should be reversed and the motion granted, with costs in all courts.

POUND, Ch. J., CRANE, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., concurs in result.

Orders reversed, etc.