In the Matter of FRAZIER-DAVIS CONSTRUCTION Co., Respondent, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, Appellant.

First Department, July 1, 1958.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*John P. McGrath* of counsel (*Jeremiah M. Evarts, Denis B. Sullivan* and *Martin H. Proyect* with him on the brief; *Hodges, Reavis, McGrath & Downey,* attorneys), for respondent.

STEVENS, J. This is an appeal in an article 78 proceeding from an order of Special Term which granted a motion to compel the comptroller to make payments of certain sums

claimed to be unlawfully withheld from the petitioner and denied a motion by the respondent-appellant to dismiss the petition for legal insufficiency.

The sole question for review is whether the comptroller of this city has the authority, after an audit made by his department, to withhold payments to a contractor which were certified as correct by the Board of Water Supply, or whether after such certification, his duty is purely ministerial and payment is mandatory. Since this article 78 proceeding is in the nature of a petition for a writ of mandamus the factual correctness of the comptroller's audit is not in issue but the authority of his action is.

The petitioner, a contractor, was awarded, after public bidding, a unit price contract with the Board of Water Supply which provided for partial payments to be made by the city from time to time upon certification by the engineer of the Board of Water Supply of the completion and the value of work performed. The petitioner contends that the Board of Water Supply is a corporate entity, independent of the city, with powers similar to that of the Board of Education and that the right to audit and certification rests solely within its authority and therefore payment by the comptroller is mandatory.

The granting of a writ of mandamus rests largely in the discretion of the court. " The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use " (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364). Even then the court is not precluded from considering the equities and in the exercise of a sound judicial discretion may deny the order. In this case, before the drastic relief of mandamus will issue there must be a conclusive showing of lack of authority to support the action of the comptroller. (*Panama Canal Co.* v. *Grace Line,* 356 U. S. 309, 317–318.) For the City Charter provides that the comptroller is the chief fiscal officer of the city and has " power to investigate all matters relating to or affecting the finances of the city " (New York City Charter [1938], § 93, subd. b) and has the power and duty " to audit all vouchers before payment " (§ 93, subd. c). No such clear showing of lack of authority by the comptroller has been made. While an inference may be drawn from sections K41-33.0, K41-27.0 and 343-5.0 of the Administrative Code of the City of New York that the Board of Water Supply is an independent corporate entity, other sections of the Water Supply Act indicate that the board is an agent of

the city. (Administrative Code of City of New York, §§ K41-2.0, K41-3.0, K41-5.0, K41-7.0, K41-11.0, K41-13.0, K41-16.0, K41-17.0, K41-19.0, K41-37.0, K41-40.0, K41-42.0.) As stated in *People ex rel. Rand* v. *Craig* (231 N. Y. 216, 220) in an action to deprive the comptroller of the right to audit and allow stated claims, "Emancipation from all restraint should rest upon clear words, and not upon uncertain inference."

In this respect the petitioner's contention and the Special Term finding of an analogy between the Board of Education and the Board of Water Supply is not valid. For while it is true that the comptroller has no authority to withhold payments certified by the Board of Education except in the case of fraud, illegality or mathematical error (*Wilaka Constr. Co.* v. *McAneny,* 265 N. Y. 43), there is a clear mandate from the Legislature conferring upon the Board of Education corporate status (Education Law, § 2551) and the city is merely the custodian of school funds (Education Law, § 2580). No such authority is found for the Board of Water Supply. "When obscurity has engendered doubt", the court must "fall back upon the fundamental principle that only clear warrant of law will justify the assumption of a power to control the public purse * * *. That warrant is not here." (*People ex rel. Rand* v. *Craig, supra,* p. 221.)

The petitioner further contends that the comptroller does not have authority to audit or withhold a claim because section 93d-1.0 of the Administrative Code prohibits him from inquiring into the justness of a claim accruing under the provisions of a contract for public letting. However, article XLIII of the contract between the contractor and the Board of Water Supply states that the city shall not be estopped from showing the true value of work done. This clause has been held to mean that the city, because it is a party to the contract, has a right to challenge the amount of work and its character and call upon the courts to correct the estimates of quantities and prevent a recovery for any sum other than was contracted for. Where such clauses in a contract are found and where there is no clear showing that the public agency involved is independent of the city, mandamus will not lie. (*Matter of Mason Co.* v. *Berry,* 254 N. Y. 578; *Brady* v. *Mayor, etc. of New York,* 132 N. Y. 415.)

Therefore since there has been no conclusive showing that the Board of Water Supply is an independent agency exempt from city audit, and since article XLIII of the contract in issue permits the city to contest the adequacy of performance,

a petition seeking mandamus to compel payment by the comptroller must be dismissed.

The true dispute in this case is one of propriety rather than power. Accordingly, it appears that the contractor has an adequate remedy by bringing a plenary action to determine the factual correctness of the comptroller's audit.

The order of Special Term should be reversed, with costs to the appellant, and the petition dismissed.

BREITEL, J. P., RABIN, VALENTE and BASTOW, JJ., concur.

Order unanimously reversed, with costs to the appellant, and the petition dismissed. Settle order.