Aron Steuer, J.
Petitioner is a contractor who in 1955 entered into a contract with the Board of Education in connection with the construction of New Junior High School 143 in The Bronx. Pursuant to that contract, certain extra work was performed. The Board of Education agreed with the contractor as to the proper prices to be charged and the quantities involved and sent to the respondent Comptroller of the City of New York a voucher calling for a total payment of $21,060 for the extra work so performed. Respondent audited the bill and reached the conclusion that the amount owing was a lesser sum and refused to honor the voucher. The Board of Education refused to amend its voucher. Petitioner thereupon instituted this proceeding to direct the Comptroller to make the payment.
The issue consequently is whether the Comptroller is charged with a duty in regard to the correctness of the voucher or whether his obligation is the purely ministerial one of paying the voucher, which is admittedly the authentic document of the board. If the former is the case, this petition will not lie and petitioner will have to proceed by suit to establish the validity of his claim. We are, therefore, not concerned at this time with the facts which give rise to the differences between the respondent and the board as to the amount due the petitioner.
The contract between the petitioner and the board called for certain work to be done at a price of $247,237. Certain changes in the work were deemed advisable and these resulted in a change order calling for a payment of $21,060. There was at that time a sum of $7,465.11 remaining to the credit of the contract from a sum originally appropriated by the Board of Estimate to pay for any change orders on this contract. The Board of Education submitted a request for additional funds for this purpose to the Board of Estimate and the latter approved an additional expenditure for this purpose in the amount of this difference, or $13,594.88.
*228 The resolution of the Board of Estimate reads: “ Resolved, That, the Board of Estimate, pursuant to provisions of Chapter 13, of the New York City Charter, hereby approves an expenditure, not to exceed the amount hereinafter noted, and subject to audit by the Comptroller, for work without public letting in connection with the contract for work at the school as follows * * * said amount being in excess of the five per cent allowable for extra work under the terms of the respective contract, * * *. ”
It is petitioner’s first contention that this resolution does not in terms make the appropriation subject to the Comptroller’s audit. The argument is that what is made subject to audit is work contracted for without public letting and this work was publicly let. Without going into the question of whether in legal contemplation the work was publicly let or privately contracted for, petitioner’s position is untenable. It must be presumed that the Board of Estimate knew what they were appropriating money for. All the work was of one character, so it could not have been the board’s intention to make some of it subject to audit and the balance not. It must be concluded that the board intended to make the payment for which the appropriation was made subject to audit, and if it eventually appeared that this was work that was publicly let, this is a misdescription. It would not affect the provision for audit.
Next, petitioner claims that the Board of Estimate was without power to make the Comptroller’s audit a condition of payment. This claim would appear to be correct (Matter of Brennan v. Board of Educ., 245 N. Y. 8). In that case the court said (p. 14): “ The board of estimate and apportionment cannot supersede the Education Law by tacking on to its appropriations for school purposes, limitations upon the power of the board of education given to it by the Education Law. ’ ’
The respondent seeks to distinguish the case because here the appropriation was an additional appropriation and the limitation was conditional to the granting. In the Brennan case the resolution was for the sale of bonds, the proceeds to be held by the city and expended on requisition of the Board of Education, which, in turn, were to be authorized by the board. No distinction is to be found in the difference between the situations.
Respondent has advanced other reasons to support his right to withhold payment except in accord with his audit. These either do not apply to a situation like this, where the city is a virtual trustee of the appropriation, or are governed by the same rules announced in the Brennan case.
*229 The petition asks for interest. An award of interest would be in the nature of damages. As petitioner must necessarily deny any contract with respondent, it is difficult to see how interest may be awarded.
The motion is granted to the extent of the amount demanded, without interest.