■ In the Matter of BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT, Respondent-Appellant, v NICHOLAS DE SANTIS, as City Manager of the City of Yonkers, et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of YONKERS FEDERATION OF TEACHERS, by Its President, WALTER TICE, et al., Respondents, v CITY OF YONKERS et al., Appellants. (Proceeding No. 2.)—In consolidated proceedings pursuant to CPLR article 78, inter alia, to compel the City Manager and/or the Comptroller of the City of Yonkers to transfer and credit to the account of the Board of Education, Yonkers City School District (hereinafter the board), the sum of $3,500,000 from the contingency account within the City of Yonkers' budget, and declaring null and void certain conditional limitations imposed by the Yonkers City Council on the disbursement of such funds, (1) Nicholas De Santis, as City Manager of the City of Yonkers, Rene Frayman, as Comptroller of the City of Yonkers, the City Council, City of Yonkers, and the City of Yonkers (hereinafter referred to collectively as the city) appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated August 14, 1987, which, inter alia, declared null and void certain of the conditions purportedly imposed upon the transfer of the appropriated funds from the city to the board, directed the city to maintain control of the funds pending the entry by the board and the Yonkers Federation of Teachers into a collective bargaining agreement, and enjoined the city from transferring, pledging, assigning or otherwise hypothecating the $3,500,000 fund pending the execution of a collective bargaining agreement between the board and the petitioner (in proceeding No. 2.) the Yonkers Federation of Teachers; and (2) the board cross-appeals from so much of the same judgment as permitted the city to condition the release of the fund upon the execution of a collective bargaining agreement, and provided that the appropriation could only be used for the purpose of paying teachers' salary increases, up to the amount of $3,500,000.

Ordered that the judgment is modified, on the law, by (1) deleting the first decretal paragraph thereof, (2) deleting the

fourth decretal paragraph thereof and substituting therefor a provision declaring that the $3,500,000 purportedly appropriated on the "contingency budget line within the City of Yonkers budget" pursuant to City of Yonkers Special Ordinance No. 95-1987 for the fiscal year commencing July 1, 1987, and terminating June 30, 1988, is deemed appropriated to the board and (3) adding a provision directing the city to transfer the $3,500,000 to the account of the board; as so modified, the judgment is affirmed, without costs or disbursements. The automatic statutory stay of the judgment is hereby vacated *(see,* CPLR 5519).

It is well settled that "while the municipality must make appropriations of money to run the schools, the expenditure of that money when once appropriated vest[s] solely in the Educational Board" *(Matter of Divisich v Marshall,* 281 NY 170, 173; *see,* Education Law §§ 2576, 2580). Moreover, a municipality "cannot supersede the Education Law by tacking on to its appropriations for school purposes, limitations upon the power of the board of education given to it by the Education Law" *(Matter of Brennan v Board of Educ.,* 245 NY 8, 14; *see,* 1950 Opns St Comp No. 6, at 81).

We agree with the court's finding that the city, in enacting Special Ordinance No. 95-1987, and adopting Resolution No. 141-1987 on June 30, 1987, concerning the operating budget for the 1987/1988 fiscal year, appropriated the subject $3,500,000 to the board. Having made this appropriation, under the Education Law, the city must credit these funds to the board, to be disbursed upon the board's audit *(see,* Education Law §§ 2576, 2580; *Board of Educ. v King,* 280 App Div 458, *lv denied* 280 App Div 1033, *lv dismissed* 304 NY 973). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur. *[See,* 136 Misc 2d 636.]