BROWN, P. J.
This case has been agreed upon by the parties, and is submitted to the court pursuant to section 1279 of the Code of Civil Procedure. The plaintiff is the owner of land on the west side of Seventh avenue in that part of the city of Brooklyn, which formerly constituted the town of New Utrecht. It has entered into a contract with the defendant to convey to it a portion of said land, and the controversy between the parties relates to the validity of an assessment imposed upon said land for the grading of said avenue. It is the defendant’s contention that said assessment is a lien upon the land, while the plaintiff contends that it is void, and that its invalidity appears upon the face of the assessment proceedings, and that for that reason it does not constitute a lien upon the property,, The resolution of the board of supervisors for the opening and grading of the street provided that the assessment district should extend to the distance of 350 feet on each side of the street for the whole length thereof. Upon the assessment map the Sisters of Mercy, a charitable corporation, appears to be the owner in fee of lots numbered thereon as 487 and 488. Upon neither of these lots was any assessment imposed by the grading commissioners, but the case states that the commissioners, in omitting to impose any assessment thereon acted pursuant to the provisions of' chaper 622, Laws 1886, which declared that real property situate in the county of Kings, then or thereafter owned by any hospital, orphan asylum, house of industry, or other charitable corporation, society or institution, having for its object the reformation of offenders, the care, support, or education of the sick, the infirm, the destitute, the deaf, the dumb, or the blind, should be exempt from all assessments for local improvements: It is conceded that the Sisters of Charity fall within the class of corporations designated in this act.
The plaintiff’s first proposition is that the act referred to is unconstitutional, in that it is a local act, the subject of which is not expressed in the title. Const, art. 3, § 16. It appears that in 1878 the legislature enacted a law (chapter 364) entitled “An act relating to the assessment of real property in the city of Brooklyn, county of Kings, owned and occupied by charitable corporations, societies, or institutions,” which exempted from local assessments the real property in the city of Brooklyn owned and, occupied by charitable corporations and societies therein named. And the object of the act of 1886 was to extend such exemption to the real property owned by the same class of charitable corporations and societies within the county of Kings. If this had been done by an entirely new act, no one would have claimed that such act embraced more than one subject. To extend the exemption to all property owned by charitable corporations and societies in the county of Kings by an amendment to the law of 1878, it was necessary to amend the title of that act; otherwise the subject would not have been expressed in the title. I do not think that in doing only that which was necessary to legally accomplish this purpose it can be said that the act embraced two subjects. The exemption of the real estate from assessments was the purpose of the legislature, and- the sole object of the law. The amendment of the title of the act was not a separate subject, but a thing neces *718 sary to carry out that purpose, and effect the one subject, to wit, the exemption of the land. All that the act contains is the necessary change in the title and body of the law, and its provisions relate to the details of one general subject. It was not essential that the amendment should appear in the title. An expression of the general subject is sufficient. People v. Lawrence, 41 N.Y. 137; Neuendorff v. Duryea, 69 id. 557. An act which purports-to amend an existing local law expresses its subject sufficiently in its title if it refers to the law which is amended. People v. Briggs, 50 N. Y. 553. In that case it was said:
“It is not requisite that the most expressive title should be adopted, nor should courts criticise too rigidly the details of a bill to find extraneous matter. Every presumption is in favor of the-validity of legislative acts, and they are to be upheld, unless there is a substantial departure from the organic law.”
The act there under consideration was entitled “An act to amend the several acts in relation to the city of Rochester,” and it was held that “such a title expresases a subject comprehensive-enough to embrace all the details of a city charter.” The purpose of the provision of the constitution referred to has been frequently stated. In People v. Briggs, supra, it was said that its object was twofold:
“First.. To prevent a combination of measures in local bills, and secure their passage by a union of interests commonly known as ‘log-rolling.’ Second. To require an announcement of the subject, of every such bill, to prevent the fraudulent insertion of provisions upon subjects foreign to that indicated in the title. It was-intended that every local subject should stand upon its own merits, and that the title of each bill should indicate the subject of its-provisions, so that neither legislatures nor the public would be misled or deceived.”
In Astor v. Arcade Railway Co., 113 N. Y. 93; 22 St. Rep. 1, it was said:
“Its purpose is to prevent fraud and deception by concealment,, in the body of acts, of subjects not by their titles disclosed to the-general public and legislatures who may rely upon them for information as to pending legislation. When the subject is expressed, all matters fairly and reasonably connected with it, and all measures which will or may facilitate its accomplishment, are-proper to be incorporated in the act, and are germane to the title. The title must be such, at least, as fairly to suggest or give a clue-to the subject dealt within the act; and unless it comes up to this-standard it falls below the constitutional requirement.”
In Re Mayor, etc., of New York, 99 N. Y. 570, it was said the-most valuable test of such a title, and the one usually employed, is to inquire whether the title was so framed as to be deceptive or misleading. To the same effect is In re Prospect Park & C. I. R. Co., 67 N. Y. 371. There is nothing misleading or deceptive-in the title of the act under consideration. To any one reading it,, it appears that it amends the earlier law and the title to that law ; and we are of the opinion that this was a sufficient expression of.. *719 the subject of the act. It follows that it does not violate the constitutional provision referred to.
The plaintiff’s second proposition is that the act violates the constitutional provision that no person shall be deprived of life, liberty or property without due process of law. This proposition rests upon the assumption that special assessments are laid in the exercise of the power of eminent domain. That they are laid in the exercise of the taxing power has been over and over again decided. People v. Mayor, etc., of Brooklyn, 4 N. Y. 419; Public School v. Davis, 31 id. 574; Howell v. City of Buffalo, 37 id. 267; Litchfield v. Vernon, 41 id. 124; People v. Lawrence, 41 id. 137; In re Van Antwerp, 56 id. 261; Cooley, Tax’n, p. 424-430, and cases cited in notes. . Where no rule for exemptions is provided in the constitution, the power to make them is unquestioned. Such power is not limited to exemption from general taxation, but the legislature'may exempt property from the operation of ‘any form of the-taxing power. Cooley Tax’n, p. 145. The question as to the extent this power shall be exercised is one of state policy, of which the legislature is the sole judge. The plaintiff has cited no authorities to the contrary. The cases referred to in the brief presented questions of statutory construction, and are in accordance-with the current of authority, which holds that a general exception of property from taxation will not exempt it from special assessments for local improvements. Stuart v. Palmer, 74 N. Y. 189, decided nothing applicable to the question here presented. The jurisdiction of the board of supervisors to direct the opening of the avenue is not assailed; and it is conceded by the learned counsel for the plaintiff that the commissioners who made the assessment were legally appointed, and the assessment is not claimed to be void upon any other ground than that discussed. The length of notice to be given of the presentation of the commissioners’ report to the court for confirmation, and the manner of publication of such notice, were matters resting in the discretion of the board of supervisors. All the law required was that the parties interested should, by the resolution of the board,, be afforded an opportunity to be heard. Stuart v. Palmer, supra. As that was given, the resolution was valid, and upon thé completion of the commissioners’ report the assessment became a lien, upon the. property, and the defendant, therefore, cannot be compelled, under his contract to accept it
Judgment must therefore be rendered for the defendant on the-submitted case, with costs.
All concur.