In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening of Cruger Avenue in the Borough of The Bronx.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Eminent domain — condemnation proceedings — state lands may not be taken by condemnation unless power has been expressly conferred — charter of city of New York confers no power upon city to take state lands by condemnation for street purposes.

1. While the legislature may, if it chooses, permit the acquisition of unappropriated state lands through condemnation for public purposes, none of the creatures of the state may so take such lands unless

power is conferred upon them by express words or by necessary implication.

2. Section 970 of the charter of the city of New York, permitting the city to acquire title in fee " for the use of the public to all or any of the lands required for streets," is subject to an implied exception with regard to state lands, for the taking of which express authority must be conferred.

*Matter of City of New York* (*Cruger Ave.*), 206 App. Div. 310, reversed.

(Submitted April 1, 1924; decided April 8, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1923, which affirmed an order of Special Term denying a motion to dismiss condemnation proceedings to acquire certain property to which the people of the state had title.

The following question was certified:

" Has the City of New York, under the provisions of section 970 of the Greater New York charter, the power to condemn lands, title to which is in the People of the State of New York, which lands are not being used by them for any public purpose, but are lands acquired by them through buying in at foreclosure under a mortgage made to the Commissioners for Loaning Certain Funds of the United States? "

*Carl Sherman, Attorney-General* (*Anson Getman* of counsel), for appellant. The power of eminent domain cannot be exercised by a creature of the sovereign with respect to lands owned by the sovereign people of the state; only private property may be condemned. (*Hayward* v. *Mayor*, 7 N. Y. 314; *People* v. *Adirondack Ry. Co.*, 160 N. Y. 225; *Jackson* v. *State*, 213 N. Y. 34; *Boyle* v. *P. & R. R. R. Co.*, 54 Penn. St. 310; *Smith* v. *City of Rochester*, 92 N. Y. 463; *S. L. & T. Co.* v. *Roberts*, 195 N. Y. 303; *Matter of McClellan*, 146 App. Div. 594; 204 N. Y. 677; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150; *Vandermulen* v. *Vandermulen*, 108 N. Y. 195;

*Eldridge* v. *City of Binghamton,* 120 N. Y. 309.) The legislature did not attempt to and did not confer the power of condemnation on the city of New York either by express words or by necessary implication. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303; *Minnesota Case,* 144 N. W. Rep. 960; Dillon on Municipal Corp. [5th ed.] § 1040; *Matter of City of Buffalo,* 78 N. Y. 362; .*C. S. & S. Co.* v. *State,* 142 App. Div. 94; 205 N. Y. 539; *Trustees of Easthampton* v. *Vail,* 151 N. Y. 463; *Lewis Blue Point Oyster Co.* v. *Briggs,* 198 N. Y. 287, 292; *Smith* v. *State,* 227 N. Y. 405.)

*George P. Nicholson, Corporation Counsel (Joel J. Squier* and *Charles A. Molloy* of counsel), for respondent. Lands owned by the state of New York, but not devoted to nor held for any public use, may be acquired by the city of New York for street purposes, pursuant to the provisions of the charter, section 970, authorizing the city to acquire title to all or any of the lands required for streets. (*Matter of City of Utica,* 73 Hun, 256; *Matter of City of New York* [*Rosebank Ave.*], 162 App. Div. 332; *Oswego* v. *Oswego Canal Co.,* 6 N. Y. 257; 1 Elliott on Roads & Streets [3d ed.], § 150; 1 Lewis on Em. Domain [3d ed.], § 2; *Burbank* v. *Fay,* 65 N. Y. 57; *People* v. *Kerr,* 27 N. Y. 188; *Matter of Mayor, etc., of N. Y.,* 44 N. Y. S. R. 546; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274; *Matter of City of New York* [*Saratoga Ave.*], 226 N. Y. 128; *Matter of Rochester Water Comr.,* 66 N. Y. 413; *Matter of R., H. & L. R. R. Co.,* 110 N. Y. 117.)

Andrews, J The state owns some unappropriated state lands within the city of New York. These lands are placed by statute in charge of the commissioners of the land office. They may not be sold for unpaid local assessments or for taxes, but they may be disposed of by the commissioners at public auction at their discretion. The city of New York now desires to carry a street

across these lands and has begun condemnation proceedings to acquire title thereto. Its power so to do is the question before us.

There is little doubt but that the legislature may, if it chooses, permit the title to such ands to be acquired through condemnation for public purposes. Indeed, such a right to condemn was many years ago expressly conferred upon railroad corporations (Railroad Law [Cons. Laws, ch. 49], sec. 18), and the propriety of such action has been recognized. (*Matter of Staten Island Rapid Transit Co.*, 103 N. Y. 251.)

We think, however, that none of the creatures of the state may take such lands by condemnation unless that power is conferred upon them by express words or by necessary implication. (*Independent School Dist.* v. *State*, 124 Minn. 271.) Such is not the situation here. Section 970 of its charter permits the city of New York to acquire title in fee " for the use of the public to all or any of the real property required for streets." This is no broader than the provision permitting a railroad corporation to acquire " such real estate and property as may be necessary " for its construction. " The general authority conferred upon railroad corporations to acquire lands against the will of the owner is broad and comprehensive. In terms it covers all and excepts none." (*Matter of New York, L. & W. Ry. Co.*, 99 N. Y. 12.) Yet we held that there were certain implied exceptions. One of them must have been an exception with regard to state lands, for it seemed necessary to confer express authority before such lands might be taken.

The orders of the courts below so far as appealed from should be reversed, with costs in all courts, and motion to dismiss proceedings granted, with ten dollars costs, and the question certified answered in the negative.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Lehman, JJ., concur.

Orders reversed, etc.