In the Matter of the Application of GRAYBAR CONSTRUCTION CORPORATION, Appellant, for a Peremptory Mandamus Order against CHARLES W. BERRY, as Comptroller of the City of New York, Respondent.

No opinion. Settle order on notice. Present — Martin, Merrell, O'Malley, Sherman and Townley, JJ.; Martin, J., dissents.

MARTIN, J. (dissenting). The sole question involved in this case is whether the city of New York must pay a claim audited and approved by the board of education, although the city of New York, through the comptroller, asserts that the amount certified as due is not due or owing to petitioner. A contract known as a " lump sum contract " was awarded by the board of education for the construction of Public School No. 104 in The Bronx. It provides that the city shall pay $692,925 for the entire work. One of the items in the contract is the construction of a retaining wall on the Nelson avenue side of the premises. The contract drawings with regard to this wall contain the following: " Bottom of wall to be 1' 0" minimum below sidewalk grade where solid rock occurs. All bottoms of wall which may rest upon earth shall be not less than 4' 0" below grade." Under the lump sum contract, therefore, any wall built to one foot below sidewalk grade where solid rock was found, or any wall built four feet below sidewalk grade where earth was found, was to be paid for under the lump sum contract. During the construction of this work it was decided to build the wall on solid rock. However, rock was not encountered at the depth anticipated. It was found necessary to excavate to various depths below the sidewalk level in order to extend the retaining wall down to rock, thus necessitating additional excavation and rubble stone work. For the extra work required, including the excavation below the four feet called for on the plans and in the contract, the contractor was entitled to extra compensation. It is the contention of the city of New York that the contractor has been allowed as an extra, work called for by the contract, including all work necessary to go below the sidewalk grade, and that the board of education audited the bill of the contractor, which includes work that was paid for under the lump sum contract. The Special Term stated the matter concisely in the following language;

"Assuming, as I must, that the return is true, the petitioner is asking for payment for work already paid for, on the ground that the board has construed a contract in a way which violates its plain meaning. Limited as the jurisdiction of the comptroller is as to such matters, I decline to order him to pay twice for the same work. The petitioner is not without remedy. It can ask for an alternative writ or can sue. Motion denied." The comptroller contends that since the interpretation placed upon the contract is obviously erroneous, he could not legally make payment of public funds in reliance thereon. Section 880 of the Education Law provides in subdivision 3 as follows: " It shall be unlawful for a city treasurer or other officer having the custody of city funds to permit the use of such funds for any purpose other than that for which they are lawfully authorized and such funds shall not be paid out except on audit of the board of education and the countersignature of the comptroller * * *." In *Lewis* v. *Board of Education of City of New York* (258 N. Y. 117, 120) the court said that within certain limitations the expenditures of the board of education may be limited, investigated and controlled by the city authorities. In *Matter of Fleischmann* v. *Graves* (238 N. Y. 84, 95) the court said that the city is given by subdivision 3 of section 880 a guard and watch over the educational funds to see that they are not used for unauthorized purposes. In *Matter of McNutt Co.* v. *Eckert* (257 N. Y. 100, 103) the court held that it was the duty of the comptroller to see that the funds of the city are used for a lawful purpose. He should not countersign if the claim or charge is illegal. There appears to be no doubt that the comptroller may refuse to pay out public moneys on a claim audited by the board of education when it is clear that the money is not due. In order to protect the city of New York and the taxpayers who are compelled to raise the funds to pay these bills, the comptroller of the city should have the right to refuse payment where there is doubt as to the liability of the municipality. The order appealed from should be modified by granting an alternative order of mandamus, and as so modified affirmed, so that the matter may 'be properly disposed of by the court after trial.