Arthur D. Brennan, J.
The State of New York and New York State Thruway Authority, two of the defendants in the above action, move to dismiss the second amended complaint herein (pursuant to Bules Civ. Prac., rule 106, subds. 1, 4) on the grounds that said complaint is legally insufficient and that the Supreme Court does not have jurisdiction of the subject of the action. In addition, and by way of further or alternate relief, said defendants also move' to dismiss the aforesaid complaint (pursuant to Bules Civ. Prac., rule 107, subds. 3, 5) on the grounds that there is another action pending between the same parties for the same cause and that this action is barred by the Statute of Limitations.
From a reading of the subject complaint in this action for a declaratory judgment and for an injunction, it appears that the basic theory of the plaintiff’s grievance is that the purported appropriation of a certain portion of plaintiff’s lands (situate in the City of Yonkers) is illegal and void in that while purporting to exercise the power of eminent domain conferred upon it by the applicable provisions of the Public Authorities Law and the Highway Law of this State, the New York State Thruway Authority has sought to condemn and acquire title to the subject portion of plaintiff’s property solely for a private use and purpose and not for a public use; accordingly, the plaintiff contends that such an appropriation for a nonpublic use constitutes a denial of due process of law and is unconstitutional. In support of said claim, the subject complaint alleges, in substance: that a certain entire parcel of land owned by seven other defendants herein who have been and are doing business as DiBienzo Brothers was located immediately adjacent and contiguous to the entire parcel of land owned by the plaintiff herein; that in connection with and for the purpose of effecting the public improvement known as the New York State Thruway System, the said Authority condemned and acquired title to the major and central portion of a certain right of way (all as shown on Taking Map No. 441) which evidently was located immediately adjacent to the property of the DiBiénzo Brothers; that *828 said right of way (leading from the DiRienzo property to Central Park Avenue) constituted the sole means of ingress and egress to and from said DiRienzo property; that in condemning and acquiring the said portion of said right of way, the terms of said taking (as indicated on said Map No. 441) specifically excluded the right of access of abutting properties to and along the said appropriated right of way; that when said portion of said right of way was thus condemned and acquired by the said Authority, the entire DiRienzo property was rendered landlocked and with no means of access to any street or highway; that the Authority then sought and purported to appropriate a strip or portion of the plaintiff’s property for the sole purpose of affording such a means of access to and from the said DiRienzo property; that the subject strip or portion of the plaintiff’s property has a width of 50 feet, an average length of 557 feet and an area of 0.630 acres; that the said appropriation of said strip bisects the entire parcel which the plaintiff owns and creates two separate parcels out of the remaining lands of the plaintiff; that said strip so appropriated was not intended to be used and is not in any way used for or in connection with the New York Thruway or for or as an access road thereto or for any other part of said Thruway; and that the said strip so appropriated was intended to be used and has been used solely to afford a means of access to the DiRienzo property and to accommodate the recently erected power lines of the Consolidated Edison Company of N. Y., Inc., leading to and servicing the DiRienzo property. The complaint also alleges that the Authority was motivated in the said appropriation of the subject strip for the aforesaid private use and purpose in order that it might thereby reduce or minimize the consequential damages which DiRienzo Brothers might claim for and in connection with their property which had not been taken and which, but for the complained of action of the Authority, was and would remain landlocked.
It is fundamental that when authorized, private lands may be taken only for a public use and that condemnation for a private use constitutes a denial of due process. (Missouri Pacific Ry. v. Nebraska, 164 U. S. 403; Fallbrook Irrigation Dist. v. Bradley, 164 U. S. 112; Hairston v. Danville & Western Ry., 208 U. S. 598; 1 Lewis, Eminent Domain [3d ed.], § 250, p. 494 et seq.) The rule is also clear that the matter of the necessity or expediency of taking property for public use is a question to be determined solely by the Legislature which may delegate its power or right .of eminent domain to another public body *829 or agency to be exercised for the same purpose. (Matter of Public Service Comm., 217 N. Y. 61.) In the exercise of this power by such a body or agency, the latter is required only to act in good faith and with sound discretion and in such events, the courts may not intervene; indeed, in the exercise of said power by such a body or agency, the courts may interfere only on a clear showing of bad faith or conduct which is irrational, baseless or palpably unreasonable. (Cuglar v. Power Auth. of State of N. Y., 4 Misc 2d 879, 896, 897, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006.)
However, the rule is equally well settled that the question as to whether the proposed use of the premises sought to be appropriated is, in fact, public in character so as to authorize the taking is a judicial one to be determined by the courts. (Hairston v. Danville & Western Ry., supra; Rindge Co. v. Los Angeles, 262 U. S. 700; Pocantico Water Works Co. v. Bird, 130 N. Y. 249; Board of Black Riv. Regulating Dist. v. Ogsbury, 203 App. Div. 43, affd. 235 N. Y. 600; Matter of Bronx Chamber of Commerce v. Fullen, 174 Misc. 524; Cuglar v. Power Auth. of State of N. Y., supra, and cases cited therein in 4 Misc 2d 879, 898, 899.)
In this court’s view, the ultimate facts alleged in the challenged complaint (all of which must be accepted as true on a motion to dismiss for legal insufficiency) present a legally sufficient showing of the plaintiff’s claim that the purported appropriation of the subject strip of plaintiff’s premises was not for a public use but was for a private use and as such, is unauthorized. In the case of Pocantico Water Works Co. v. Bird (supra) it was held, at page 259, that the term “public use” implies “ the use of many”, or “by the public”; that said term may be limited to the inhabitants of a small or restricted locality; but that the use (in order to be public) must be one “ in common and not for a particular individual ”. In the complaint at bar, the reasonable inference to be drawn from the allegations contained therein is that the dominant purpose in appropriating the subject strip of land was not to create, protect or in anywise facilitate the Thruway System but was to afford a means of access to the property of the DiRienzo Brothers. The fact that other members of the public in or about the City of Yonkers who may have business transactions with the DiRienzo Brothers may also have the incidental benefit of using this means of access would not convert the same into a “ public use ” for or in connection with the Thruway System. As was stated in the case of Matter of New York City *830 Housing Auth. v. Muller (270 N. Y. 333, 343): “ Nothing is better settled than that the property of one individual cannot, without his consent, be devoted to the private use of another, even when there is an incidental or colorable benefit to the public ”. The motion to dismiss the second amended complaint for legal insufficiency is therefore denied.
So, too, the motion to dismiss the present complaint on the ground that the court does not have jurisdiction of the subject matter of this action, is denied. In this court’s opinion an action of this character may be maintained in the Supreme Court on a claim of an alleged unauthorized and illegal appropriation of real property by an agent of the State while acting in his official capacity as the State’s condemning authority. (Society of New York Hosp. v. Johnson, 9 Misc 2d 73, 81, mod. on other grounds 5 A D 2d 552, affd. 5 N Y 2d 102.)
Turing now to the first item of the alternate relief prayed for herein, it should be noted that the movants’ contention that the subject complaint should be dismissed upon the ground that there is another action pending between the same parties hereto for the same cause, is based upon the fact that prior to the commencement of this action and in September of 1957 the plaintiff herein filed in and presented to the Court of Claims of this State his claim for damages sustained by reason of the permanent appropriation of the subject strip and on the further fact that said plaintiff has diligently prosecuted said claim to the point where proposed findings of fact and conclusions of law with respect to said appropriation have been presented to said Court of Claims. In his brief and opposing affidavits, the plaintiff asserts that he is not interested in obtaining nor will he accept payment of any damages which may be awarded to him in and by the Court of Claims if he should be successful in this action. Said plaintiff there also asserts that the aforesaid claim was filed by him in the Court of Claims as a matter of precaution only, for the Statute of Limitations (for the filing of such claim) was about to run out and if he should not be successful in this action, his right to collect damages would be barred by his failure to timely file said claim.
With respect to this branch of the motion, this court is of the opinion that the same should be denied. In the first place, it seems clear that under section 9 of the Court of Claims Act, an equitable action for a declaratory judgment and an injunction may not be maintained in said Court of Claims. (Psaty v. Duryea, 306 N. Y. 413; Mowers v. State of Neto Yorh, 168 Misc. 651.) In any event, no action for a declaratory judgment and *831 an injunction is pending between the plaintiff and these movants in that court. It may be that the movants seek to resist the action at bar on the ground that by proceeding with the filing and prosecution of his claim in the Court of Claims, the plaintiff’s action in this court is subject to the defense of an alleged election of remedies or to the defense of an alleged ratification. (Cf. Matter of Quinlan, 271 N. Y. 396.) But each of these two defenses consists of matter which may only be asserted affirmatively in an answer and they may not (either separately or together) serve as the basis of a motion to dismiss a complaint under subdivision 3 of rule 107 of the Rules of Civil Practice. (See Carmody-Wait, 27ew York Practice, Vol. 4, p. 399; Vol. 2, pp. 29, 31, 32.)
The movants’ motion to dismiss the subject complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, is also denied.
Other defendants in this action, consisting of the Consolidated Edison Co. of N. Y., Inc. and the seven DiRienzos doing business as DiRienzo Brothers, have made separate motions to dismiss the plaintiff’s second amended complaint as against each of them on the ground that said complaint is legally insufficient. This court has hereinabove determined said complaint to be sufficient as against the State of New York and the New York State Thruway Authority. In this court’s opinion, these movants, Consolidated Edison Co. of N. Y., Inc., and the DiRienzo Brothers, are parties in interest in and to all or part of the relief sought by the plaintiff in his present complaint and as such, said movants are necessary or indispensable parties to this action. Accordingly, each motion by each of said last named defendants is denied.
The time of all movants to serve their respective answers herein is extended for a period of 20 days following the service of a copy of the order on each respective motion with notice of entry thereof. Submit orders.