In the Matter of WINIFRED Q. SPRAGUE, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent, and PHILBERN REALTY CORP., Intervenor-Respondent.— The sole contention of the tenant is that the State Rent Administrator erred in permitting the increase, in view of the provisions of paragraph (d) of subdivision 4 of the statute that no landlord " shall  *  *  *  be entitled to any increase  *  *  * in any case where a municipal department having jurisdiction certifies that the housing accommodation is a fire hazard or is in a continued dangerous condition or detrimental to life or health, or is occupied in violation of law." (L. 1959, ch. 695.) Before the Rent Commission, the only attempt to show the existence of a condition proscribed by the statute was the submission of a copy of a violation against the premises for inadequate electrical wiring. In our opinion, the notice of violation, standing alone, did not constitute the certification by a municipal department having jurisdiction, as required by the statute, that the premises were a fire hazard, dangerous or detrimental to life or health, or were occupied in violation of law. We pass upon no other question. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

In the Matter of the INCORPORATED VILLAGE OF GARDEN CITY, Respondent, Relative to Acquiring Title to Real Property Situated in Said Village for an Addition to Parking Fields 11 and 11A. ETHEL LORENTZEN, Appellant.— The fields to which this parcel is to be added are now public parking fields. Although the majority of the users of such parking fields may now be patients in the adjoining medical center and although some benefit does accrue to its owners and tenants, nevertheless, such benefit is incidental to the primary public use. A former private use of a parcel of land creates no presumption that its taking is not for a public purpose. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur; Brennan, J., dissents and votes to reverse the order and to deny the application, with the following memorandum: In my opinion, before an order of condemnation is made the owner here is entitled to a trial of the factual issue raised by her, namely: whether her property is sought to be taken primarily for a public or private use (*Denihan Enterprises* v. *O'Dwyer*, 302 N. Y. 451; *City of Utica* v. *Damiano*, 22 Misc 2d 804; *Saso* v. *State of New York*, 20 Misc 2d 826).