(April 6, 1967)

■ SHIRLEY TARSHISH, Respondent, v. ISAIAH TARSHISH, Appellant.— Order, entered May 17, 1966, unanimously modified, on the law, without costs or disbursements to either party, to grant motion to the extent of striking from the complaint such part of the alleged cause of action and such part of the prayer for relief as seeks recovery of an in personam judgment against defendant for support and maintenance of the plaintiff and for counsel fees. In this action for a separation and for alimony and counsel fees, the plaintiff alleges that the defendant is a resident of Omaha in the State of Nebraska. Inasmuch as the service of the summons and complaint herein was made upon the defendant in the State of Nebraska, the court has not acquired in personam jurisdiction over the defendant. Although the matrimonial domicile of the parties was in this State and the plaintiff resides here, CPLR 302 is inapplicable to permit the court to exercise personal jurisdiction over the defendant. Of course, the court has in rem jurisdiction to grant a judgment of separation and may award alimony and counsel fees payable out of any property of defendant duly sequestered within the State. Concur — Eager, J. P., Steuer, Capozzoli, Rabin and McNally, JJ.

■ In the Matter of HAROLD PHALEN et al., Respondents, v. THEATRICAL PROTECTIVE UNION NO. 1, INTERNATIONAL ALLIANCE OF THEATRICAL AND STAGE EMPLOYEES, A. F. L.-C. I. O., Appellant.— Order entered on September 7, 1966 denying cross motion of respondent-appellant reversed on the law, and cross motion to dismiss petition granted, without costs or disbursements. In the absence of a violation of a statutory duty, an article 78 proceeding for mandamus does not lie. This is the present state of the law in this State, according to an unbroken line of precedents. The learned court below indicated its awareness of this, but opined that because of socio-economic changes vis-a-vis unions, there should be a change. That may very well be, and the cause, indeed, may be just, but achieving such a change by judicial fiat is beyond the competence of this court. Redress should come from the Legislature. (See CPLR 7803, subd. 1; *Matter of Weidenfeld* v. *Keppler,* 84 App. Div. 235, affd. 176 N. Y. 562; *People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115, 121; *Simons* v. *Berry,* 210 App. Div. 90, 93; *Oliphant* v. *Brotherhood of Locomotive Firemen & Enginemen,* 156 F. Supp. 89, affd. 262 F. 2d 359, cert. den. 359 U. S. 935.) Further, the grievance of these petitioners is arguably within the ambit of the National Labor Relations Act, as indicated by their own previous recourse to this statute, although subsequently withdrawn. However, there is no purpose in pursuing this point, as the main reasons (*supra*) for rejecting the order are rudimentary. Concur — Tilzer, McNally and McGivern, JJ.; Steuer and Rabin, JJ., dissent and vote to affirm on the opinion of Markowitz, J., at Special Term. [51 Misc 2d 334.]