H. SAND & CO., INC., Respondent-Appellant, v HARRISON GOL-
DIN, as Comptroller of the City of New York, Appellant-
Respondent.

H. SAND & CO., INC., Respondent-Appellant, v BOARD OF
EDUCATION OF THE CITY OF NEW YORK, Appellant-Respon-
dent.

First Department, October 27, 1977

*Melvin J. Kalish* of counsel *(Tunstead & Schechter)*, for
respondent-appellant.

*James P. Griffin* of counsel *(L. Kevin Sheridan* with him on
the brief; *W. Bernard Richland, Corporation Counsel)*, for
appellants-respondents.

LUPIANO, J. Respondent Board of Education of the City of New York approved requisition No. 8 in the amount of $308,797.37 which pertained to work performed by petitioner between October 21, 1975 and November 14, 1975 for a project called the Northeast Brooklyn High School pursuant to a contract between petitioner and the Board of Education. The requisition was delivered to the comptroller's office on March 5, 1976 and the latter failed to make payment thereon. Faced with numerous excuses for the delay in payment, petitioner initiated an article 78 proceeding against the comptroller in the nature of mandamus to compel payment. The record demonstrates that the comptroller's office then prevailed upon the Board of Education to revoke its approval and request return of the requisition to the board for further review and study. Thereupon petitioner initiated a second article 78 proceeding, this time against the Board of Education, to compel reinstatement of the requisition, alleging that the withdrawal of the requisition constituted an illegal abuse of process. The comptroller answered the petition in the first article 78 proceeding. The Board of Education moved to dismiss the petition in the second article 78 proceeding on the ground that mandamus does not lie, but that petitioner must bring a plenary action on the contract. The two proceedings were consolidated. Special Term denied the motion of the board to dismiss and granted the petitioner's applications, but failed to award interest from March 5, 1976. Thereafter respondents moved to renew and reargue the board's motion to dismiss and the comptroller's demand for judgment dismissing the petition, which motion was denied. The instant appeals and cross appeal followed.

Where the Board of Education after an audit issues a certificate directing payment for work performed under a contract and such is free from fraud, illegality or mathematical error, "the Comptroller is without authority to review it and he may be compelled by mandamus to countersign and pay on the Board's voucher" (*Matter of Wilaka Constr. Co. v McAneny,* 265 NY 43, 45). At the time of the initiation of the first article 78 proceeding against the comptroller, mandamus was properly invoked. The record sustains the conclusion that the requisition was issued after the board's audit and was free from illegality, fraud or mathematical error. However, the subsequent withdrawal of the requisition by the board removed the basis for a mandatory order directing the comptrol-

ler to pay and relegated petitioner to a plenary action. Although the requisition was merely returned to the board for further study and not rescinded, and although it is clear that such procedure was utilized at the behest of the comptroller's office—albeit the request for return of the requisition emanated from the board—nevertheless, the comptroller was no longer under a statutory duty to make payment and his task ceased to be ministerial. Under these circumstances, mandamus was no longer available (see *Matter of Phalen v Theatrical Protective Union No. 1,* 27 AD2d 909, revd on other grounds 22 NY2d 34).

Similarly, article 78 relief does not lie against the Board of Education in that no statutory violation of duty in the issuance and withdrawal of the requisition has been demonstrated. Further, the board's withdrawal of the requisition does not constitute the kind of administrative determination encompassed within the ambit of CPLR 7803 (subd 3).

Our determination that under the unusual circumstances herein petitioner has sought relief in an improper form and is, in effect, relegated to a plenary action on the contract between it and the board, does not serve to put petitioner out of court. Under CPLR 103 (subd [c]) and 3017 (subd [a]) this proceeding is deemed a plenary action on the contract and is viewed as if it had been commenced as a plenary action seeking appropriate relief (see *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34, 41-42).

As noted, issue had joined with respect to the first petition and respondent comptroller sought judgment. The two proceedings are consolidated and were considered together. Further, respondents have added to their papers by their subsequent motion for renewal and reargument. Under these circumstances, this court is confronted by a full and complete record which is patently appropriate for summary relief (cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633). The record establishes that the Board of Education had determined that the requisition was proper. Indeed, the board supported payment of the requisition and disputed the comptroller's objections to payment. It is also clear that withdrawal of the requisition was more the act of the comptroller's office than that of the board. Noteworthy is the fact that on the motion to renew an affidavit was presented from an engineer in the comptroller's office and not from any one in the employ of the Board of Education. That affidavit merely disputed the board's

decision to approve the voucher and was but one of a long series of transparent attempts to avoid paying what is due. Of further interest is the fact that this affidavit set forth a theory which was contrary to the position initially taken by the comptroller's office as to the manner and basis for computing the amount due, as shown by the board's internal memorandum. The above observations, coupled with in-depth consideration of this record mandates the conclusion that in justice petitioner is entitled to judgment in the amount of the requisition together with interest from the date the requisition should have been paid, to wit, March 5, 1976 (see *Matter of Graybar Constr. Corp. v Berry,* 238 App Div 769, affd 264 NY 432; CPLR 7806; 32 NY Jur, Interest and Usury, § 12; 13 NY Jur, Damages § 130).

The order, Supreme Court, New York County (FRAIMAN, J.), entered March 9, 1977, which denied respondents' motion to renew and reargue the motion to dismiss the petition, should be reversed, on the law, without costs and disbursements; the motion should be granted and thereupon the order and judgment entered November 3, 1976, should be modified to provide that the proceeding is converted into a plenary action and petitioner granted judgment in the amount of $308,797.37, together with interest thereon from March 5, 1976, and $50 costs as awarded by Special Term. Appeal from the order and judgment (one paper) of said court, entered November 3, 1976, should be dismissed as academic, without costs and disbursements.

Settle order on notice in accordance with the aforesaid.

BIRNS, EVANS and LANE, JJ., concur.

Order, Supreme Court, New York County, entered March 9, 1977, unanimously reversed, on the law, without costs and without disbursements, the motion granted and thereupon, the order and judgment (one paper) entered on November 3, 1976, is modified to provide that the proceeding is converted into a plenary action and petitioner granted judgment in the amount of $308,797.37, together with interest thereon from March 5, 1976, and $50 costs as awarded by Special Term. Appeal from the order and judgment (one paper) of said court, entered November 3, 1976 dismissed as academic, without costs and without disbursements.

Settle order on notice.