■ In the Matter of MARS ASSOCIATES, INC., et al., Respondents, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Appellants.—Order, Supreme Court, New York County, entered January 13, 1977, unanimously modified, on the law, so that it is affirmed to the extent that it granted reargument and to the extent that, upon reargument, it granted mandamus directing payment of three certain vouchers by respondent-appellant Comptroller of the City of New York to petitioners-respondents is reversed and the petition dismissed, without costs and without disbursements, and without prejudice to plenary action for recovery of the amounts embraced by the subject vouchers. Certification of the vouchers having been withdrawn by the board of education, the Comptroller was no longer under a statutory duty to pay them and could not be so directed by mandamus (Matter of Phelan v Theatrical Protective Union No. 1, 27 AD2d 909, revd on other grounds 22 NY2d 34). We do not convert the petition into a complaint in a plenary action seeking payment for work done under the board's orders because, for reasons best known to themselves, request therefor was not made below by petitioners. If petitioners are advised to proceed by suit for that relief, they are at liberty to do so. The instant case is to be distinguished from Sand & Co. v Goldin (59 AD2d 216), recently decided by this court, in which a request for conversion from article 78 petition to plenary action had been made, accompanied by a request for summary judgment therein. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.