Manshul Construction Corp., Appellant, v Board of Education of the City of New York, Respondent.

First Department, February 20, 1990

## APPEARANCES OF COUNSEL

*Robert Mark Wasko* of counsel *(Melvin J. Kalish,* attorney), for appellant.

*Barry P. Schwartz* of counsel *(Fay Leoussis* with him on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondent.

## OPINION OF THE COURT

KASSAL, J.

This is an action for breach of contract brought by plaintiff-appellant, Manshul Construction Corp. (Manshul), against defendant-respondent, the New York City Board of Education (Board), to recover sums claimed in connection with unanticipated extra work during the construction of multiunit temporary buildings at Public School 46 in The Bronx. The sums in question had been agreed upon by the Board and were, under that body's "Change Order Procedures", subject to the approval of the Board of Estimate. For the reasons that follow, the *sua sponte* grant of summary judgment to the Board is reversed and the matter is converted to a CPLR article 78 proceeding.

Pursuant to a contract between the parties, entered into on or about January 25, 1985, plaintiff was to complete the aforementioned project for $753,000. During the course of construction, an unanticipated rock condition was discovered, requiring that the building elevation and surrounding grade be raised. Manshul submitted an estimate in the amount of $239,909 to cover the additional work. Following negotiations with the Board, the parties agreed to the price of $165,563, and a "Price Agreement" for "Change Order No. G-2" specifying this amount was executed.

Set forth in the Board's "Change Order Procedures", which are incorporated by reference into the contract, are the following pertinent clauses:

"8. All change orders require Board of Education approval prior to processing. In addition, where total costs of change orders exceed 5% of the contract price, Board of Estimate approval is also required.

· "9. Change order unit, upon reaching agreement on a negotiated change or an upset price, shall immediately * * *

"(c) prepare and submit resolution for Board of Estimate

approval . . . where cost of change order exceeds 5% of contract price."

In addition, article 53 of the contract provides that neither the city nor the Board "shall be precluded or estopped by any return or certificate made or given by the Board * * * from showing at any time (either before or after the final completion and acceptance of the work * * *) the true and correct amount and character of the work done and materials furnished", or that "any such return or certificate is untrue and incorrect or improperly made".

Because the change order exceeded 20% of the contract price, it required Board of Estimate approval, and was first submitted for an audit by the Comptroller, pursuant to his powers and duties under section 93 of the New York City Charter and section 2590-m (7) of the Education Law.* In the meantime, Manshul was submitting requests for payment on the change order and, in September 1985, received a partial payment of $54,987.

In his audit report dated November 8, 1985, the Comptroller determined the price of the change order to be excessive, and advised the Board to reduce it to what he deemed to be the "fair and reasonable" value of the additional work, $116,715. The Board did so, withdrawing its original request for Board of Estimate approval and submitting the lower amount. Manshul was notified of the reduction in the price of the change order in June 1987.

In September 1987 the Board erroneously made a second payment to Manshul in the amount of $74,073, which, together with a 5% retainage of $6,792, resulted in a total payment exceeding the $116,715 price. To recoup the excess paid, the Board assessed a credit against Manshul in the amount of $19,139.

---

* These provide, in pertinent part, as follows:

"d. The comptroller shall audit the operations and programs of city agencies to determine whether funds are being expended or utilized efficiently and economically. * * * He shall investigate the processing of vouchers by city agencies and undertake studies, including cost benefit analysis, of purchases of equipment, goods and services by agencies of governments that use city funds for such purposes and report his findings and recommendations to the mayor, the board of estimate, the [city] council and the public." (NY City Charter § 93 [d].)

"§ 2590-m. Custody and disbursement of funds * * *

"7. The comptroller of the city of New York shall audit the accounts of the city board and each community board." (Education Law § 2590-m.)

Manshul commenced the within breach of contract action in January 1988, seeking recovery of the unpaid balance on the original $165,563 change order figure and the revocation of the $19,139 credit lodged against it. After joinder of issue, Manshul moved for summary judgment, and now appeals the denial of this relief and the *sua sponte* grant of summary judgment dismissing the complaint to the Board.

In essence, Manshul urges that the change order reduction was improper because the Board had entered into a binding contract for the greater sum of $165,563, and that the Comptroller's subsequent reduction of the price constitutes an unauthorized attempt to "revise" the terms of that contract.

However, it is undisputed by Manshul that the terms of the Board's change order procedures, which are incorporated by reference into the contract, require Board of Estimate approval for the price negotiated. As such, the change order price was not legally binding and enforceable until this approval was obtained. That the Board of Estimate's approval is conditioned upon a favorable audit by the Comptroller, who is a member thereof as well as the city's chief fiscal officer, implicates solely matters of city government operation *(see,* NY City Charter § 93 [d], *and* Education Law § 2590-m [7], *supra,* at n; *Matter of Goldin v Greenberg,* 49 NY2d 566, 568-569) and may not form the basis of a breach of contract claim.

Nor is this case governed by the determination in *Sand & Co. v Goldin* (59 AD2d 213, *affd* 46 NY2d 782). There, the Board issued, and then withdrew, a certificate directing payment for work performed in an amount which, after an audit, had become final and binding. Under those circumstances, it was held that the Board's withdrawal of the certificate, which was done at the behest of the Comptroller, constituted a breach of contract. For the reasons previously stated, the within matter does not involve a final and binding amount.

The case at bar differs from *Sand & Co. (supra)* in another critical aspect. The *Sand & Co.* court determined that the "unusual circumstances" before it were not appropriate for CPLR article 78 relief *(supra,* at 215). Upon examination of the record, we are unable to reach such a conclusion in the matter before us. Plaintiff-appellant's claims could have been brought pursuant to CPLR 7803 (3), which encompasses "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion". *(See generally,*

*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; Siegel, NY Prac § 561, at 784-787.)

Although this case was improperly brought as a plenary action, fairness dictates that plaintiff, which completed the work in good-faith reliance upon a price agreement entered into with the Board, is entitled to its day in court. Thus, this court exercises its discretion under CPLR 103 (c), and converts this action to an article 78 proceeding. *(See, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 653.) The proceeding shall be deemed to have been timely filed, and the IAS part shall permit the parties a reasonable period of time in which to make additional submissions in support of their respective positions.

Accordingly, the judgment, Supreme Court, New York County (Eugene Nardelli, J.), entered November 1, 1988, which denied plaintiff's motion for summary judgment and *sua sponte* granted summary judgment to defendants, should be unanimously reversed, on the law and in the exercise of discretion, and the action deemed a timely CPLR article 78 proceeding and remanded for a determination thereon, without costs.

KUPFERMAN, J. P., ASCH, WALLACH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on November 1, 1988, unanimously reversed, on the law and in the exercise of discretion, and the action deemed a timely CPLR article 78 proceeding and remanded for a determination thereon, without costs and without disbursements.